COLÓN ET AL., PLAINTIFFS AND APPELLANTS, *v.* PORTO RICO RAILWAY, LIGHT & POWER CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1564.—Decided April 8, 1918.

ERROR—OBJECTION—WAIVER.—Any error on the part of the trial judge in leaving undecided any material issues submitted to him by the parties. may be regarded as waived in the absence of any objection or effort to correct such omission in the court below.

DAMAGES—DEATH BY WRONGFUL ACT—EXEMPLARY, PUNITIVE OR VINDICTIVE DAMAGES.—It is well settled that in an action under a statute granting a right of action for death by wrongful act, exemplary, punitive or vindictive damages cannot be recovered unless the statute or constitution authorizes their recovery either expressly or by implication.

ID.—ID.—MASTER AND SERVANT.—A master owes no duty to one who, without promoting or protecting any legitimate interest of his own, voluntarily assists a servant; except, of course, the duty not to injure him wantonly or wilfully.

The facts are stated in the opinion.

*Mr. Rafael Guillermety* for the appellants.

*Messrs. J. H. Brown* and *Pedro Amado Rivera* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In Caguas on October 22, 1913, while a foreman of the Porto Rico Railway, Light & Power Company in charge of several men was engaged in substituting new poles for old ones, Epifanio Colón came to tell him that at another point the wires of the defendant company were crossed with those

of the Insular Telegraph, or of the Telephone Company, and to request him to break the contact so that certain connections could be made.

It may be conceded that the foreman declined to abandon the work in hand and suggested, or even insisted as a prerequisite to prompt attention to the other matter that Colón should assist in the transfer of the electric wires.

Following whatever conversation occurred, Colón climbed one of the electric poles and after removing one or more of the wires and before he had removed the others, was killed.

Doctor Simón Moret, who saw the body on the ground and later performed an autopsy but did not appear at the trial, certified that death was due to an electric shock. The physician who represented the defendant company at the autopsy testified that death resulted from a fractured skull, and also stated that the absent doctor at the time of the autopsy agreed that there were no indications whatever of electric shock. It was also shown by witnesses for the defense, without contradiction or impeachment, that the high-tension wires had been cut before work was begun; that the others carried only one hundred and ten volts, and that after the accident the transfer was completed without difficulty. On the other hand, testimony of eye-witnesses for plaintiffs, if true, points plainly to contact with a current of greater intensity. But whatever the proximate cause of the death, the evidence as a whole could hardly sustain the theory of wanton or wilful injury.

The district court rendered judgment for the defendant on the ground that no pecuniary loss by plaintiffs was shown. No other issue was passed upon, nor did the plaintiffs insist in the district court upon the determination of any other issue.

In the view we take of the matter, we need not discuss in detail the nine alleged errors assigned by the appellants, nor undertake at this time to determine in advance the rules

and principles by which future cases involving other facts shall be governed.

Any error on the part of the trial judge in leaving undecided any material issues submitted to him by the parties may be regarded as waived, in the absence of any objection or effort to correct such omission in the court below.

But the trial court did hold, by implication at least, that punitive damages could not be recovered in an action of this kind, and also discussed, without deciding, the question of nominal damages. Appellants complain of this failure and implied refusal to grant either exemplary or nominal damages.

Aside from the suggestion, *supra,* as to the want of evidence sufficient to sustain the theory of wanton or wilful injury, "it is well settled that in an action under a statute granting a right of action for death by wrongful act, exemplary, punitive, or vindictive damages cannot be recovered unless the statute or constitution either expressly or by implication authorizes their recovery. In some courts this holding is based to some extent upon the peculiar language of the statute giving damages, but generally it is placed on the nature of the statutory right of action for wrongful death. As has been already seen, the right thus conferred is usually held to be a new and not a transmitted right. The theory generally adopted, that the damages recoverable are for the pecuniary loss 'sustained by the beneficiaries, necessarily excludes any award as punishment for the defendant." 8 R. C. L., p. 844, § 120.

The record shows conclusively that the foreman was an old and experienced employee, of previous good conduct; that he had no authority to employ men for the company, but on the contrary had orders not to allow strangers upon its poles; that on the day in question he had under his charge an adequate number of company employees; that Colón was not an employee of the company and that the pole

climbed by him and all wires attached thereto were the exclusive property of the defendant.

The work being done by the foreman was not of an emergency character. There is nothing to suggest that the defendant company was responsible in any way for the trouble which prompted the message brought by Colón. The record discloses no duty on the part of the foreman to comply with the request. Nor does it appear that the matter was urgent, or of any particular importance, or otherwise of a nature to warrant the hypothesis that Colón in attempting to expedite the work of the defendant company was acting in furtherance of his own interests, or those of his master, to a degree that would convert his position of a mere volunteer into that of a licensee with an interest.

"It is sufficient to say that ordinarily a master owes no duty to one who, without promoting or protecting any legitimate interest of his own, voluntarily assists a servant, except, of course, the duty not wantonly or wilfully to injure him." Note to *Hunter* v. *Corrigan,* 43 L. R. A. (N. S.), 187.

There was no basis for an award of nominal damages.

We find no reversible error and the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.